United States District Court
District Of Maine

| | |
|---|---|
| James Boothby, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Docket No. |
| | ) |
| The Lobster Shack | ) |
| at Two Lights, Inc., and | ) |
| Jeff Porch and Katherine | ) |
| Porch, individuals | ) |
| | ) |
|     Defendants. | ) |

# Complaint

Plaintiff, James Boothby, by and through the undersigned attorney, complains of the The Lobster Shack at Two Lights, Inc., Jeff Porch, and Katherine Porch (collectively, "Defendants") as follows:

## Preliminary Statement

1. This is an action by James Boothby to recover damages for egregious wage theft in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the Maine Minimum Wage and Overtime Law ("MMWOL"§661 *et seq.*, which contain minimum wage and overtime provisions; and for violation of the Maine Employment Practices Act ("MEPA"), 26 M.R.S.A. § 624 *et seq.,* which contains wage payment

provisions, all arising out of Plaintiff's employment at The Lobster Shack in Cape Elizabeth, Maine.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216, and pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.  The facts forming the basis for the state law claims are the same facts which form the basis of the First Claim, under the FLSA.  The State claim is so related to the First Claim that they form a part of the same case or controversy.

4. Venue is proper in the District of Maine pursuant to 28 U.S.C. §1391 (b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## Parties

6. Plaintiff, James Boothby ("Plaintiff" or "Boothby") resides in Bremen, Maine and was employed by Defendants at all relevant times to this Complaint.

7. Defendant, The Lobster Shack at Two Lights, Inc. ("The Lobster Shack") is a corporation organized under the laws of Maine with a principal office at 342 Main Street, Cumberland Center, Maine, 04021.

8. Upon information and belief, The Lobster Shack is owned and operated by Defendants Jeff and Katherine Porch.

9. Upon information and belief, Jeff Porch actively manages, supervises, and directs the business affairs of The Lobster Shack.

10. Upon information and belief, Katherine Porch actively manages, supervises, and directs the business affairs of The Lobster Shack.

11. Upon information and belief, Jeff Porch has power over payroll decisions.

12. Upon information and belief, Katherine Porch has power over payroll decisions.

13. Upon information and belief, Jeff Porch has the power to hire and fire employees at The Lobster Shack, establish and pay their wages, set their work schedules, and maintain their employment records.

14. Upon information and belief, Katherine Porch has the power to hire and fire employees at The Lobster Shack, establish and pay their wages, set their work schedules, and maintain their employment records.

## Facts

15. The Lobster Shack initially hired Boothby in March 2005 as a groundskeeper.

16. Plaintiff's job duties evolved to include inside kitchen and cash register work, cleaning the dining room, washing dishes, putting away stock from truck deliveries, and pick ups.

17. Defendants allowed all employees, including Boothby, to eat one meal (with the exception of lobster) during their work shift.

18. Boothby received compensation for 52 weeks per year at the following rates:

      a.    $360.10 per week (beginning 9/3/09)

      b.    $370.10 per week (beginning 10/28/10)

      c.    $386.61 per week (beginning 7/7/11)

      d.    $388.61 per week (beginning 6/14/12)

      e.    $425 per week (beginning 3/14)

19. Boothby worked six days a week starting as early as 5:30 a.m. and ending as late as 5:30 p.m.

20. During the months of July and August, Jeff and Katherine Porch frequently would call after 5:30PM and ask Plaintiff to run into town for additional supplies that The Lobster Shack had run out of, such as lobster

and rolls.  These trips would take approximately 1 hour.  Defendants did not pay Plaintiff any additional compensation for doing so.

21. For approximately eight years, for the convenience of the Employer, Boothby stayed on the premises in a cottage owned by Defendant and located behind The Lobster Shack.

22. Defendants did not permit Boothby to stay in the cottage following the end of the 2013 season.  Instead, during Plaintiff's ninth year of employment, he lived off site with his girl friend, Michelle Porch (Jeff Porch's sister), from March 2014 until October 2014.

23. Boothby last worked for Defendants on September 23, 2014.

24. In December 2014, Plaintiff learned that Defendants did not intend to rehire him for the 2015 year and had rented out the cottage where he had lived for the first eight years to a non-employee.

## Legal Claim

### Count I
### (For violation of the Fair Labor Standards Act)

25. The allegations in paragraphs 1-24 are realleged.

26. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

27. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 §§ 206(a) and 207(a).

28. At all times relevant to this action, Defendant The Lobster Shack was an employer engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§206(1) and 207(1). 26 M.R.S.A. §663(2).

29. At all times relevant to this action, Defendant Jeff Porch was an employer engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§206(1) and 207(1).

30. At all times relevant to this action, Defendant Katherine Porch was an employer engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§206(1) and 207(1). 26 M.R.S.A. §663(2).

31. At all relevant times, the FLSA, 29 U.S.C. §206, has required Defendants to pay Plaintiff a minimum wage until the conclusion of Plaintiff's employment.

32. Defendants failed to record, credit, or compensate Plaintiff at the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).

33. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled under 29 U.S.C. §206(a) in violation of U.S.C. §207(a)(1).

34. Defendants' violations of the FLSA have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Boothby.

35. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from each of the Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b).

## Count II
### (For violation of the Maine Minimum Wage and Overtime Law)

36. The allegations in paragraphs 1-35 are realleged.

37. At all times relevant to this action, Defendant The Lobster Shack was an employer engaged in commerce or in the production of goods for commerce within the meaning of 26 M.R.S.A. §663(2).

38. At all times relevant to this action, Defendant Jeff Porch was an employer engaged in commerce or in the production of goods for commerce within the meaning of 26 M.R.S.A. §663(2).

39. At all times relevant to this action, Defendant Katherine Porch was an employer engaged in commerce or in the production of goods for commerce within the meaning of 26 M.R.S.A. §663(2).

40. At all relevant times, the MEPA, 26 M.R.S.A. §664, has required Defendants to pay Plaintiff a minimum wage until the conclusion of Plaintiff's employment.

41. Defendants failed to record, credit, or compensate Plaintiff at the applicable minimum hourly wage, in violation of 26 M.R.S.A. §§ 664(1) and 670.

42. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled, under in violation of 26 M.R.S.A. §§664(3) and 670.

43. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled in violation of 26 M.R.S.A. §§663(3) and 670.

44. Due to Defendants' MEPA violations, Plaintiff is entitled to recover from each of the Defendants, joint and severally, his unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 26 M.R.S.A. §670.

## Count III
### (For violation of the Maine Employment Practices Law)

45. The allegations in paragraphs 1-44 are realleged.

46. Defendants failed to make full and timely payment at regular intervals to Boothby of all wages, including overtime compensation, in violation of 26 M.R.S.A. §621-A.

47. Defendants failed to make full and timely payment at regular intervals to Boothby of all wages, including overtime compensation, in violation of 26 M.R.S.A. §626.

48. Plaintiff has demanded that Defendants pay him unpaid overtime wages.

49. Defendants have not paid Boothby unpaid overtime wages within eight days of demand.

50. Boothby is entitled pursuant to 26 M.R.S.A. §626-A to recover his unpaid overtime wages and an amount equal to twice the amount of unpaid overtime wages, a reasonable rate of interest, costs of suit, and reasonable attorney's fees.

## Relief

Plaintiff respectfully request that judgment be granted:

a) Declaring Defendants conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, the Maine Employment Practices Act, the Maine Minimum Wage and Overtime Law, and the regulations implementing those Acts;

b) Award Plaintiff's unpaid minimum wages and overtime wages under the FLSA and MMWOL to be paid by the Defendants;

c) Award Plaintiff liquidated damages pursuant to 29 U.S.C. § 216 and 26 M.R.S.A. §670 to be paid by the Defendant;

d) Award Plaintiff an amount equal to the amount of his unpaid minimum wages and overtime pursuant to 26 M.R.S.A. §664;

e) Award Plaintiff an amount equal to twice the amount of his unpaid minimum wages and overtime pursuant to 26 M.R.S.A. §626-A;

f) Order Defendants to pay pre-judgment and post-judgment interest.

g) Order Defendants to pay costs and reasonable attorney's fees.

h) Award such additional relief as the Court deems appropriate.

Date:   November 30, 2015                    Respectfully submitted,


                                                /s/ Jeffrey Neil Young
Jeffrey Neil Young
Johnson, Webbert & Young, L.L.P.
160 Capital Street, P.O. Box 79
Augusta, Maine 04332-0079
(207) 623-5110
jyoung@johnsonwebbert.com

*Attorney for Plaintiff*